IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CUTTING EDGE VISION, LLC, an Arizona Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> T-Mobile US, Inc., and T-Mobile USA, Inc. <br><br> Defendants. | Civil Action No.: 6:24-cv-270-AM-DTG <br><br> TRIAL BY JURY DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cutting Edge Vision, LLC ("CEV"), by and through undersigned counsel, complains against T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile" or "Defendants") as follows:

**NATURE OF THE ACTION**

1. Cutting Edge Vision, LLC ("CEV") holds patents for camera and camera-enabled mobile device technologies invented by Jeffrey C. Konicek. It has licensed its technology to twelve of the world's leading mobile phone manufacturers. T-Mobile has infringed and continues to infringe several of CEV's patents by making, using, selling, and offering for sale, at minimum, unlicensed Motorola and T-Mobile branded cellular phones.

**THE PARTIES**

2. Plaintiff Cutting Edge Vision, LLC is an Arizona Limited Liability Company based in Scottsdale, Arizona.

3. T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006. T-Mobile USA, Inc. is registered to do business in the state of Texas and may be served through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. T-Mobile US, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006. T-Mobile US, Inc. may be served through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

5. T-Mobile conducts business operations within the Western District of Texas in several stores and facilities throughout the District, including its facilities at 100 North New Road, Suite 110, Waco, Texas 76710; 2448 West Loop 340, Suite 24A, Waco, Texas 7611; and 510 N Loop 340 Suite C, Bellmead, Texas 76705. T-Mobile has offices in the Western District of Texas where it sells, develops, and/or markets its products including sales offices in Waco, Texas.

6. The T-Mobile Defendants named above and their affiliates are part of the same corporate structure and distribution chain that sells, has sold, offers for sale, has offered for sale, makes, has made, imports, has imported, uses, and has used, camera-enabled mobile devices and smartphones in the United States including to consumers in Waco within this judicial district, including at least the following models: (1) Motorola Moto Razr (2023), (2) Motorola Moto Razr+ (2023), (3) Motorola moto g stylus 5G (2023), (4) Motorola moto g 5G (2024), (5) Motorola moto g power 5G (2024), (6) Motorola edge (2022), (7) Motorola moto g 5G (2023), (8) Motorola Moto g PLAY (2023), (9) Motorola Moto g stylus 5G (2022), (10) Motorola Moto G 5G (2022), (11) Motorola g PURE, (12) Motorola g Stylus 5G, (13) Motorola one 5G ACE, (14) Motorola g PLAY, (15) Motorola Razr 5G, (16) Motorola Moto e, (17) Motorola Moto E6, (18) Motorola G7 Power,

(19) Motorola E5 Plus, (20) Motorola E5 Play, (21) Motorola E4, (22) Motorola Z Force, (23) Motorola Z2 Force, (24) Motorola Moto g Power, (25) Motorola Moto e play, (26) Motorola Moto e plus, (27) REVVL® 6x PRO 5G, (28) REVVL® 6x 5G, (29) REVVL® 6 5G, (30) REVVL® 6 PRO 5G, (31) REVVL® 7 5G, (32) REVVL® 7 PRO 5G, (33) Motorola edge (2024), (34) Motorola Razr (2024), (35) Motorola Razr+ (2024), and (36) Motorola Moto g stylus (2024) ("the Accused Devices"). Discovery in this matter may establish that T-Mobile sells, has sold, offers for sale, has offered for sale, makes, has made, imports, has imported, uses, and has used, additional camera-enabled mobile devices and smartphones in the United States.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Defendants have transacted and continue to transact substantial business in Texas and in this District (ii) Defendants have committed and continue to commit acts of patent infringement in the Texas and in this District, including making, using, offering to sell, and/or selling the Accused Devices, and/or importing the Accused Devices, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other infringements alleged herein.

10. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Defendants are registered to do business in the State of Texas; maintain a regular and established

place of business in this District, including by maintaining or controlling retail stores in this District and by maintaining and operating base station antennas in this District, including on cellular towers and other installation sites owned or leased by T-Mobile; and have transacted business in the Western District of Texas and have committed acts of direct and indirect infringement in the Western District of Texas.

## CUTTING EDGE VISION PATENT PORTFOLIO

11. Cutting Edge Vision, LLC is the assignee of a portfolio of fifteen patents issued to Jeffrey C. Konicek for the inventions claimed therein relating to camera and camera-enabled mobile device technologies. The CEV patents in the portfolio currently asserted in this case to be infringed by T-Mobile are:

> a. U.S. Patent 10,063,761, entitled "Automatic Upload of Pictures from a Camera," filed November 24, 2015, issued August 28, 2018; and
>
> **b.** U.S. Patent 11,153,472, entitled "Automatic Upload of Pictures from a Camera," filed October 25, 2019, issued October 19, 2021.

The CEV portfolio also includes the following additional patents that claim inventions relating to camera and camera-enabled mobile device technologies:

> a. U.S. Patent 7,697,827, entitled "User-Friendlier Interfaces for a Camera," filed October 17, 2005, issued April 13, 2010;
>
> b. U.S. Patent 7,933,508, entitled "User-Friendlier Interfaces for a Camera," filed February 22, 2010, issued April 26, 2011;
>
> c. U.S. Patent 8,467,672, entitled "Voice Recognition and Gaze-Tracking for a Camera," filed April 15, 2011, issued June 18, 2013;

4

    d.  U.S. Patent 8,831,418, entitled "Automatic Upload of Pictures from a Camera," filed December 17, 2012, issued September 9, 2014;

    e.  U.S. Patent 8,824,879, entitled "Two Words as the Same Voice Command for a Camera," filed March 6, 2014, issued September 2, 2014;

    f.  U.S. Patent 8,818,182, entitled "Pictures Using Voice Commands and Automatic Upload," filed March 10, 2014, issued August 26, 2014;

    g.  U.S. Patent 8,897,634, entitled "Pictures Using Voice Commands and Automatic Upload," filed June 26, 2014, issued November 25, 2014;

    h.  U.S. Patent 8,917,982, entitled "Pictures Using Voice Commands and Automatic Upload," filed September 25, 2014, issued December 23, 2014;

    i.  U.S. Patent 8,923,692, entitled "Pictures Using Voice Commands and Automatic Upload," filed August 6, 2014, issued December 30, 2014;

    j.  U.S. Patent 9,485,403, entitled "Wink Detecting Camera," filed November 12, 2014, issued November 1, 2016;

    k.  U.S. Patent 9,936,116, entitled "Pictures Using Voice Commands and Automatic Upload," filed June 21, 2016, issued April 3, 2018;

    l.  U.S. Patent 10,257,401, entitled "Pictures Using Voice Commands," filed November 24, 2015, issued April 9, 2019; and

    m.  U.S. Patent 11,818,458, entitled "Camera Touchpad," filed July 22, 2021, issued November 14, 2023.

Discovery in this matter may establish that T-Mobile infringes one or more of these additional patents. The fifteen patents identified above are all part of the same family of patents and are referred to collectively herein as the "CEV Technology."

12. Mr. Konicek assigned all rights, titles and interests in the CEV Technology to Cutting Edge Vision, LLC, including the right to sue for past damages.

## THE LICENSING PROGRAM

13. CEV has for several years engaged in a program to license the CEV Technology to major camera and mobile device manufacturers.

14. As a result of its licensing efforts, CEV has licensed the CEV Technology to twelve of the world's leading camera and mobile device manufacturers, including:

   a. Samsung Electronics Co., Ltd.;

   b. LG Electronics Inc.;

   c. Sony Mobile Communications Inc.;

   d. Microsoft Corporation;

   e. ZTE;

   f. OnePlus Technology (Shenzhen) Co., Ltd.;

   g. Kyocera Corporation;

   h. HTC Corporation;

   i. ASUSTeK Computer Inc.;

   j. BLU Products Inc.;

   k. Sonim Technologies, Inc.; and

   l. TCL Communication Technology Holdings Limited.

15. T-Mobile sells and offers for sale many camera-enabled mobile devices and smartphones from the above companies that are already licensed under the CEV patents. CEV does not make any infringement assertions against T-Mobile with respect to those licensed products.

16.     For a period of many years, CEV has attempted to engage in licensing discussions with Motorola Mobility/Lenovo (hereafter, "Motorola"), the manufacturer of items 1-26 in the list of Accused Devices. However, despite CEV's efforts, Motorola has refused a license to the CEV Technology.

17.     CEV first notified Motorola that it was infringing the CEV Technology more than 6 years ago, on August 31, 2016. That notice letter included detailed claim infringement charts demonstrating that at least four of CEV's patents were infringed by Motorola devices. CEV offered to discuss with Motorola license terms for the CEV Technology and address in good faith the merits of any response or defense presented by Motorola.

18.     Since that notice letter to Motorola, CEV has continually kept Motorola up to date on CEV's progress in patent prosecution (including announcing issued patents), licensing (including announcing each license agreement), and enforcement (by notifying Motorola of any litigation involving the patents).

19.     Motorola has periodically engaged with CEV to discuss the patents, and CEV always promptly responded in good faith to any questions or purported defenses raised by Motorola and attempted to negotiate a license. However, Motorola has declined to negotiate a license on terms consistent with CEV's existing licensees.

20.     In the meantime, during the period in which Motorola has refused a license, CEV has filed and resolved multiple lawsuits with major smartphone manufacturers, including many of T-Mobile's suppliers.

21.     On July 16, 2019, CEV filed a complaint for patent infringement against OnePlus Technology (Shenzhen) Co., Ltd. in the Northern District of Illinois (Case No. 1:19-cv-04753). On September 2, 2019, CEV filed an amended complaint for patent infringement in that case

naming OnePlus and its U.S. customer T-Mobile US, Inc., but only with respect to infringing products manufactured by OnePlus. Shortly thereafter, U.S. counsel for OnePlus approached CEV, and the parties negotiated a license agreement. CEV dismissed the case with prejudice as to OnePlus and OnePlus devices, and without prejudice with respect to T-Mobile US, Inc., on October 15, 2019.

22. On November 4, 2019, CEV filed a complaint for patent infringement against BLU Products Inc. in the Southern District of Florida (Case No. 19-cv-24566-UU). In May of 2020, CEV and BLU conducted court-ordered mediation and negotiated a running royalty license agreement to resolve the case. CEV and BLU negotiated the agreement and the royalty after discovery, including the parties' exchange of their existing intellectual property license agreements, with full consideration and discussion of those agreements. In addition, the royalty rates were negotiated at arm's length with the assistance of a mediator experienced in intellectual property matters. The parties also negotiated the agreement after CEV provided detailed infringement contentions to BLU, so BLU had a full opportunity to evaluate the technology and consider its value as a component of the infringing devices.

23. On November 3, 2020, CEV filed a complaint for patent infringement against HTC Corporation and HTC America, Inc. in the Western District of Washington (Case No. 2:20-cv-01618-MLP). In March of 2021, CEV and HTC negotiated a license agreement and resolved the case. The parties negotiated the agreement after CEV provided detailed infringement contentions to HTC, so HTC had a full opportunity to evaluate the technology and consider its value as a component of the infringing devices.

24. On April 16, 2021, CEV filed a complaint for patent infringement against Sonim Technologies, Inc. in the Western District of Texas (Case No. 6:21-cv-00370). In August of 2021, CEV and Sonim negotiated a license agreement and resolved the case.

25. On March 16, 2022, CEV filed a complaint for patent infringement against TCL Technology Group Corporation, TCL Electronics Holdings Limited, TCL Communication Technology Holdings Limited, and TCL Communication Limited (collectively, "TCL") in the Western District of Texas (6:22-CV-00285-ADA-DTG). The TCL case proceeded through claim construction (with CEV's construction adopted for all eight terms at issue) and significant fact discovery. On December 18, just a few weeks before the parties were set to serve opening expert reports, the parties conducted a Court-assisted Mediation Conference in Waco, Texas and the parties reached agreement on a settlement at the Mediation.

## COUNT I

## (Infringement of United States Patent No. 10,063,761)

26. CEV incorporates by reference paragraphs 1 through 25 of this Complaint and realleges them as though fully set forth herein.

27. At least since August 28, 2018, T-Mobile has made, used, sold, offered for sale, and/or imported camera-enabled mobile devices that meet each element of Claims 1-4 and 16 of U.S. Patent 10,063,761 ("the '761 Patent"), including at least the Accused Devices. It is likely that other T-Mobile devices will be determined to infringe claims of the '761 Patent.

28. As recited in CEV's independent claim 1, at least the Accused Devices include a lens, a cellular interface, an image sensor configured to take pictures, a non-volatile local memory configured to store one or more pictures, a touch sensitive display, and a controller. The Accused Devices include an upload option selectable on a user interface that instructs the device to confine

automatic picture upload to periods without potential cellular network access fees (*e.g.*, to upload only when not roaming). The controller is configured to automatically upload designated photos over a cellular interface. The upload automatically occurs after the device confirms that upload is allowed during the current period, receives an indication that the system is connected to the internet via the cellular interface, and receives an indication a user has elected an option to designate at least one picture to be uploaded (through a selection of device folders for upload).

29. The Accused Devices also meet each element of dependent claims 2-4 and 16 of the '761 Patent.

30. Direct infringement of Claims 1-4 and 16 of the '761 Patent under 35 U.S.C. § 271(a) occurred when T-Mobile made, imported, used, sold and/or offered for sale at least the Accused Devices.

31. T-Mobile also induced infringement of Claims 1-4 and 16 of the '761 Patent under 35 U.S.C. § 271(b) by inducing others, including customers, suppliers, and distributors, to make, import, use, sell and/or offer for sale at least the Accused Devices.

32. In addition, CEV is informed and believes, and thereon alleges, that T-Mobile's infringement of the '761 Patent has been and continues to be willful because T-Mobile acted with knowledge of the '761 Patent and its infringement.

33. As a direct and proximate result of T-Mobile's conduct, CEV has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. CEV has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

34. As confirmed during prosecution of the CEV patents, the claims of the '761 Patent solve technical problems relating to designating and automatically uploading images

over cellular networks without incurring exorbitant fees during peak hours or roaming periods, and the solution recited in the claims of the '761 Patent was (1) technological, (2) specific, and (3) unconventional as compared to existing upload systems at the time of the invention. For example, '761 Patent claim 1 recites that the system is configured to automatically upload pictures at any time several specific and technological conditions are met, including that the controller must determine that the camera system is within a period without potential cellular network access fees using data from the cellular interface, in contrast with existing methods for avoiding cellular network fees that involved processes local to the device (such as timer-based uploads and uploads using calculated estimates). Thus, under Step 1 of the Alice § 101 inquiry, the claims of the '761 Patent are directed to an inventive and specific system for solving a technological problem described in the specification and not an abstract idea, and under Step 2 of the Alice § 101 inquiry, the claims of the '761 Patent recite an inventive concept. For at least the above reasons (as well as those set forth in CEV's briefing in CEV's litigation with TCL, *see* Case No. 6:22-CV-00285-ADA-DTG, Dkt. #65), the '761 Patent, which is presumed valid, is directed to patentable subject matter under 35 U.S.C. § 101.

## COUNT II

### (Infringement of United States Patent No. 11,153,472)

35. CEV incorporates by reference paragraphs 1 through 25 of this Complaint and realleges them as though fully set forth herein.

36. At least since October 19, 2021, T-Mobile has made, used, sold, offered for sale, and/or imported, and induced others to make, use, sell, offer for sale, and/or import, camera-enabled mobile devices that meet each element of Claims 1, 2, 5, and 6 of U.S. Patent 11,153,472 ("the '472 Patent"), including at least the Accused Devices. It is likely that other T-Mobile devices will be determined to infringe claims of the '472 Patent.

37. As recited in CEV's independent claim 1, at least the Accused Devices include a lens, a cellular interface, an image sensor that is coupled to the lens and operable to capture pictures, a non-volatile local memory that is coupled to the image sensor and operable to store pictures captured by the image sensor, and a touch sensitive display. The Accused Devices include an upload option selectable on a user interface that instructs the camera system to confine automatic picture upload to periods without potentially increased cellular network access fees (*e.g.*, to upload only when not roaming). The controller is configured to automatically connect to a picture hosting service that is internet-based and enable an upload to the picture hosting service. The automatic connection and enabling of the upload occurs during any period detected by the controller in which (1) the upload is allowed because the system is within one of the periods without potentially increased cellular network access fees, as determined using data from the cellular interface, (2) the system is connected to the internet via the cellular interface, and (3) at least one image sensor-captured picture stored in the local memory has been designated through the touch sensitive display as part of the group of pictures to be uploaded to the picture hosting service (through a selection of device folders for upload).

38. As recited in CEV's independent claim 5, at least the Accused Devices include a lens, a cellular interface, an image sensor that is coupled to the lens and operable to capture pictures, a non-volatile local memory that is coupled to the image sensor and operable to store pictures captured by the image sensor, and a touch sensitive display. The Accused Devices are configured to display a user-selectable input on a user interface that instructs the camera system to confine automatic picture upload to periods without potentially increased cellular network access fees (e.g., to upload only when not roaming). The controller is configured to automatically connect to a picture hosting service that is internet-based and enable an upload to the picture hosting

service. The automatic connection and enabling of the upload occurs during any period in which (1) the controller has received a selection of the user-selectable input that instructs the camera system to confine automatic picture uploads to periods without potentially increased cellular network access fees, (2) the controller has confirmed that the camera system is within a period without potentially increased cellular network access fees, as determined using data from the cellular interface, (3) the system is connected to the internet via the cellular interface, and (4) at least one image sensor-captured picture stored in the local memory has been designated as part of the group of image sensor-captured pictures to be uploaded (through a selection of device folders for upload).

39. The Accused Devices also meet each element of dependent claims 2 and 6 of the '472 Patent.

40. Direct infringement of Claims 1, 2, 5, and 6 of the '472 Patent under 35 U.S.C. § 271(a) occurred when T-Mobile made, imported, used, sold and/or offered for sale at least the Accused Devices.

41. T-Mobile also induced infringement of Claims 1, 2, 5, and 6 of the '472 Patent under 35 U.S.C. § 271(b) by inducing others, including customers, suppliers, and distributors, to make, import, use, sell and/or offer for sale at least the Accused Devices.

42. In addition, CEV is informed and believes, and thereon alleges, that T-Mobile's infringement of the '472 Patent has been and continues to be willful because T-Mobile acted with knowledge of the '472 Patent and its infringement.

43. As a direct and proximate result of T-Mobile's conduct, CEV has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. CEV has

also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

44. As confirmed during prosecution of the CEV patents, the claims of the '472 Patent solve technical problems relating to designating and automatically uploading images over cellular networks without incurring exorbitant fees during peak hours or roaming periods, and the solution recited in the claims of the '472 Patent was (1) technological, (2) specific, and (3) unconventional as compared to existing upload systems at the time of the invention. For example, '472 Patent claims 1 and 5 recite that the system is configured to automatically upload pictures at any time several specific and technological conditions are met, including that the controller must determine that the camera system is within a period without potentially increased cellular network access fees using data from the cellular interface, in contrast with existing methods for avoiding cellular network fees that involved processes local to the device (such as timer-based uploads and uploads using calculated estimates). Thus, under Step 1 of the Alice § 101 inquiry, the claims of the '472 Patent are directed to an inventive and specific system for solving a technological problem described in the specification and not an abstract idea, and under Step 2 of the Alice § 101 inquiry, the claims of the '472 Patent recite an inventive concept. For at least the above reasons (as well as those set forth in CEV's briefing in CEV's litigation with TCL, *see* Case No. 6:22-CV-00285-ADA-DTG, Dkt. #65), the '472 Patent, which is presumed valid, is directed to patentable subject matter under 35 U.S.C. § 101.

## DEMAND FOR JURY TRIAL

45. Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in the above captioned lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, CUTTING EDGE VISION, LLC PRAYS FOR:

a. Judgment on the Complaint that T-Mobile has infringed one or more of the claims of the '761 Patent and '472 Patent, and that such infringement was willful;

b. A permanent injunction to be issued enjoining and restraining T-Mobile, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with it, and each of them, from making, using, selling, offering for sale, or importing any products which infringe claims of the '761 Patent or '472 Patent, and from inducing or contributing to the infringement of any such claims by others;

c. An award of damages against T-Mobile adequate to compensate CEV for past infringement of the '761 Patent and '472 Patent, together with interest and costs as fixed by the Court, such damages to be trebled where appropriate because of the willful and deliberate character of the infringement;

d. Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that CEV is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

e. Such other and further relief as the Court may deem just and proper.

Dated: October 11, 2024         Respectfully submitted,

                                 /s/ David N. Deaconson

                                David N. Deaconson
                                Texas Card Bar #05673400
                                PAKIS, GIOTES, PAGE & BURLESON, P.C.
                                P.O. Box 58
                                Waco, TX  76703-0058
                                (254) 297-7300 Phone
                                (254) 297-7301 Facsimile

>deaconson@pakislaw.com
>
>*Local Counsel for Plaintiff*

and

>Justin J. Lesko
>IL Bar No. 6306428
>*Admitted in the Western District of Texas*
>Steven G. Lisa
>IL Bar No. 6187348
>*Admitted in the Western District of Texas*
>55 East Monroe Street, Suite 3800
>Chicago, IL 60603
>Tel.: (480) 442-0297
>JustinLesko@patentit.com
>SteveLisa@patentit.com
>
>Eamon Kelly
>IL Bar No. 6296907
>*Admitted in the Western District of Texas*
>SPERLING & SLATER, PC
>55 West Monroe Street, 32nd Floor
>Chicago, IL 60603
>Tel.: (312) 641-3200
>Fax: (312) 641-6492
>ekelly@sperling-law.com
>
>*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, Waco Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

*/s/ David N. Deaconson*
**DAVID N. DEACONSON**
